DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1912-1913.

---

## William H. Reeves, Appellee, v. John H. Roth, Appellant.

### Gen. No. 5,650.

1. SLANDER—*plea of not guilty.* A plea of not guilty in slander admits that the words alleged were not true but denies that they were spoken.

2. SLANDER—*instructions.* In an action for slander defendant is not harmed by an incorrect instruction which directs a verdict for plantiff, an architect, but does not leave it to the jury to determine whether the allegations of the declaration were proven that defendant meant to, and did convey by the words spoken, the meaning that plaintiff was unreliable and dishonest in the practice of his profession where such instruction requires the jury to find that the words were spoken of plaintiff concerning his profession and other words proved to have been spoken at the same time were such that the jury could not have failed to find that the words set out in the declaration were spoken with the meaning aforesaid.

3. DAMAGES—*when excessive in slander action.* A judgment for $2,000 in an action for slander is excessive and should be reduced to $1,000 where it is proved that defendant said of plaintiff, an architect, that he was "the biggest crook and grafter in town," but there is no proof of the wealth of defendant nor any averment or proof of special damages.

4. COSTS—*against appellee where judgment affirmed after remittitur.* On appeal from a judgment for plaintiff where the judgment is affirmed after a remittitur is filed by appellee as required, costs will be awarded against appellee.

(95)

Reeves v. Roth, 179 Ill. App. 95.

Appeal from the Circuit Court of Peoria county; the Hon. Leslie D. Puterbaugh, Judge, presiding. Heard in this court at the April term, 1912. Affirmed on remittitur. Opinion filed October 15, 1912. Rehearing denied April 3, 1913.

R. H. Radley and Weil & Bartley, for appellant.

Quinn, Quinn & McGrath and Clarence W. Heyl, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Appellee sued appellant for slander. The first and second counts of the declaration charged that appellant said of appellee that he "is a crook and a grafter." The third count charged that appellant said to appellee in the presence of others that he had said in the office of a certain justice of the peace that "you were the biggest crook and grafter in town." There were also fourth and fifth counts, which were not supported by any proof. Appellant's only plea was not guilty and this admitted that the words alleged were not true, but denied that they were spoken. Spolek Denni Hlasatel v. Hoffman, 204 Ill. 532. On a jury trial appellee had a verdict for $5,000, remitted $3,000 and had a judgment for $2,000, from which defendant below appeals.

Appellee proved the speaking of the words charged in the first and second counts in the office of a justice of the peace, and the speaking of the words charged in the third count on the street near by, when appellant left the office of the justice and met appellee on the street. Appellee is an architect. He had drawn plans for a house erected by appellant and also plans for bookcases in said house, and appellant had been sued for some matter concerning said bookcases, and the suit seems to have been on trial and appellee had been sent for to serve as a witness, but had not arrived when the words set forth in the first and second counts were spoken. The suit was then in some way disposed of and appellant went upon the street and

met appellee and in the presence of others told appellee what he had just said about him. Appellant contended that what he said in the office of the justice was that if appellee said that he had seen the bookcases he would be a crook, and he denied that on the street he called him anything but a liar. The clear preponderance of the evidence is that appellant spoke the words set forth in the first three counts of the declaration. There was no proof of the wealth of appellant, nor was there any averment or proof of special damages to appellee, and we are of the opinion that the judgment is still excessive, and that it should be reduced to $1,000 or that a new trial should be awarded. We are disposed to consider the first instruction, given at appellee's request, as incorrect. It directed a verdict and did not leave it to the jury to determine whether the allegations of the declaration were proven that appellant meant to, and did by these words convey to those who heard him speak, the meaning that appellee was unreliable and dishonest in the practice of his profession and would defraud or assist in defrauding persons who employed him as an architect. That instruction did require the jury to find that the words were spoken of appellee concerning his profession, and other words which were proved to have been spoken at the same time were such that the jury could not have failed to find that the words set out in the declaration were spoken with the meaning aforesaid, and therefore appellant was not harmed by the omission.

This opinion will be lodged with the clerk and the parties will be notified and, if within five days $1,000 of the judgment is remitted, the judgment will be affirmed in the sum of $1,000 at the costs of appellee. If not, the judgment will be reversed and the cause remanded.

Appellee having filed a remittitur herein in the sum of $1,000, the judgment is therefore affirmed in the sum of $1,000, at the costs of appellee.

*Affirmed on remittitur.*